# PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 – IMMIGRATION CASES

## INSTRUCTIONS – READ CAREFULLY

**This sheet contains some of the Central District of California's rules and procedures that must be followed to file a petition under 28 United States Code (U.S.C.) Section 2241 challenging whether your immigration detention is legal. This information sheet is meant to be used for informational purposes only and is not legal advice.**

1. **Who Should Use This Form.** This petition is intended for individuals in custody or otherwise subject to official restraint because they are in immigration proceedings or subject to removal. Do not use this form if you have been charged with or convicted of a criminal offense and seek to challenge your conviction, sentence, or some other aspect of your criminal proceedings.

2. **Preparing the Petition.** The petition must be typed or neatly written, and you must sign and date it under penalty of perjury. A false statement of a material fact may lead to prosecution for perjury.

3. **Answer all the questions.** If you do not fill out the form properly, you may be asked to give more information. You may file this form along with more pages if necessary. All hard copy filings must be filed using paper sized 8½ by 11 inches. Do not use the back of any page. You may, but are not required to, attach documents relevant to your claims, such as a Notice to Appear, prior release order (such as an Order of Supervision or Order of Release on Own Recognizance), order of removal, or other ICE or immigration court documents.

4. **Name of Warden**: If you are in detention, the petition must name the warden of the facility where you are located as a Respondent.

5. **Required Filing Fee.** You must include the $5.00 filing fee required by 28 U.S.C. § 1914(a). If you are financially unable to pay the filing fee, fill out the attached Declaration and Application to Proceed In Forma Pauperis ("IFP") in a Federal Habeas Action. You must sign the IFP application.

6. **Consent.** Under the Court's rules, habeas cases are ordinarily assigned to a District Judge and referred to a Magistrate Judge. In such cases, the Magistrate Judge prepares a "Report and Recommendation" for a District Judge to review and issue a final decision. You can choose to have your entire case handled by a Magistrate Judge by filling out and signing the attached "Consent to Magistrate Judge" form. If you consent, and if the Respondent(s) consents, then your case will be assigned solely to a Magistrate Judge. The Court encourages parties to consent to a

Magistrate Judge. Consent allows the case to proceed before a single judicial officer and avoids the delay associated with the preparation and review of a "Report and Recommendation." However, consent is entirely voluntary and there is no penalty for declining consent.

7. **Submitting documents to the Court.** Mail your hard copy petition, your IFP application, and your Consent to Magistrate Judge form to:

Clerk of the United States District Court for the Central District of California
Edward R. Roybal Federal Building & U.S. Courthouse
255 East Temple Street, Suite 180
Los Angeles, California 90012
ATTENTION: Intake/Docket Section

If you want file-stamped copies of your petition, IFP application, and Consent Form, you must enclose an additional copy of each filing, a self-addressed stamped envelope, and include a cover sheet that asks the Court to file-stamp and return copies to you.

8. **Service of Petition.** After you submit your petition to the Court, the Court will review your petition and, if it meets legal requirements, the Court will serve it on the Government Respondent(s) if service has not already been accomplished.

9. **Answer or Response to Petition and Reply; deadlines.** After your petition has been served, the Court will issue an order that sets deadlines for the Government Respondent(s) to respond to the petition and for you to file a reply to Government Respondent(s)' response.

10. **Change of Address.** You are required to let the Court and other parties to the lawsuit know if your contact information changes. That includes if you are released from detention and have a new address as a result. This requirement ensures that all case filings can be sent to the correct mail address. For this reason, you must inform the Clerk's Office in writing of any changes to your contact information. Failure to keep a current address on file with the Clerk's Office may result in the dismissal of your case.

# PETICIÓN DE AUTO DE HABEAS CORPUS CONFORME AL TÍTULO 28 U.S.C. § 2241 – CASOS DE MIGRACIÓN

## FAVOR LEER ESTAS INSTRUCCIONES DETENIDAMENTE

**Este aviso incluye algunas de las reglas y procedimientos del Distrito Central de California que deben cumplirse para presentar una petición para disputar la legalidad de su detención migratoria, conforme al Título 28 del Código Federal, Art. 2241. Este aviso tiene fines informativos únicamente, y no constituye asesoramiento legal.**

1. **Quién debe llenar este formulario.** Esta petición es para aquellas personas que estén detenidas o sujetas a alguna restricción oficial porque se encuentren en trámites de migración o estén sujetas a deportación. No use este formulario si está acusado o ya fue condenado de un delito y pretende impugnar la condena, la pena o algún otro aspecto de su proceso penal.

2. **Cómo preparar la petición.** La petición debe estar mecanografiada o escrita en letra clara, y deberá firmarse bajo pena de perjurio. Puede que se le procese por perjurio si incluye alguna falsedad esencial. **Aunque las presentes instrucciones están en español, esta Petición y todo otro formulario procedente del tribunal y destinado a éste deben llenarse en inglés.**

3. **Responda todas las preguntas.** Puede que se le pida más información si no llenó el formulario debidamente. De ser necesario, agregue hojas al formulario, pero toda hoja debe ser tamaño carta. No escriba en el dorso de ninguna hoja. Si bien no se requiere, puede anexar documentos pertinentes a su petición, como la Notificación de Comparecencia, orden de excarcelación previa (orden de libertad vigilada u orden de libertad bajo palabra), orden de deportación, u otros documentos de ICE o de un tribunal de migración.

4. **Nombre del alcaide**: Si se encuentra detenido, su petición deberá nombrar como Demandado al alcaide de su reclusorio.

5. **Tasa judicial obligatoria.** Deberá incluir la tasa judicial de $5.00 que exige el Título 28 U.S.C. § 1914(a). Si no tiene los medios para pagar la tasa judicial de una acción federal de habeas corpus, deberá llenar la Declaración y Solicitud para Proceder In Pauperis (IFP) que se anexa. Deberá firmar esa solicitud IFP.

6. **Consentimiento.** Conforme a las reglas del Tribunal, los casos de habeas corpus generalmente se asignan a jueces de distrito y se remiten a jueces adjuntos. En esos casos, el juez adjunto prepara un "Informe y Recomendación" para que el juez de distrito lo revise y expida el fallo final. Si usted prefiere que un juez adjunto tramite todo su proceso, favor de llenar y firmar el "Consentimiento para proceder ante juez

adjunto" que se anexa. Si usted así lo consiente, y el Demandado también, su proceso se le asignará exclusivamente a un juez adjunto. El Tribunal exhorta a las partes a que den su consentimiento y procedan ante un juez adjunto. Esto permite que el caso proceda ante sólo un funcionario judicial y además evita las demoras ocasionadas por la preparación y la revisión del "Informe y Recomendación". Sin embargo, este consentimiento es netamente voluntario y no habrá sanción alguna si prefiere no dar su consentimiento.

7. **Cómo presentar sus documentos en el Tribunal.** Envíe copias en papel de su petición, su solicitud IFP y su "Consentimiento a proceder ante juez adjunto" a:

   Clerk of the United States District Court for the Central District of California
   Edward R. Roybal Federal Building & U.S. Courthouse
   255 East Temple Street, Suite 180
   Los Angeles, California 90012
   ATTENTION: Intake/Docket Section

   Si desea recibir copias selladas de su petición, su solicitud IFP, y su "Consentimiento a proceder ante juez adjunto", incluya una copia de cada presentación, un sobre con sello y dirección, y una portada en que se solicita al Tribunal que estampe los documentos y se los regrese a usted.

8. **Traslado de la petición.** Una vez presentada su petición en el Tribunal, el Tribunal la repasará y si reúne los requisitos legales, le correrá traslado al Demandado del gobierno, si es que no se ha corrido traslado todavía.

9. **Plazos para la contestación a la petición y la réplica.** Una vez que se haya dado traslado a su petición, el Tribunal expedirá una orden que dispone los plazos para que el Demandado del gobierno conteste la petición y para que usted presente su réplica a la contestación del Demandado.

10. **Cambio de dirección.** Usted está obligado a informar al Tribunal y a las otras partes de la demanda si ha habido algún cambio en sus datos de contacto. Esto incluye si lo han excarcelado y por lo tanto tiene nueva dirección. Por este motivo deberá informar a la Secretaría del Tribunal por escrito de cualquier cambio en sus datos de contacto, y puede que se desestime su caso si no informa a la Secretaría del Tribunal de su dirección actual.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FULL NAME<br>Petitioner(s),<br>Sinthya Judit Lopez Argueta<br>v.<br>NAME OF WARDEN<br>Todd Lyons, et al.<br>Respondent(s). | CASE NUMBER:<br>(leave blank – supplied by Clerk of Court) |

**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN IMMIGRATION CUSTODY (28 U.S.C. § 2241)**

**PERSONAL INFORMATION**

1. (a) Your full name: Sinthya Judit Lopez Argueta

   (b) Named used by immigration court if different than above: ______

2. A-Number: 209-228-395

3. Place of Detention: Adelanto Detention Center

## CURRENT DETENTION AND IMMIGRATION PROCEEDINGS

4. Date you were taken into present immigration custody or other official restraint:

   October 14, 2026

5. Describe how and where you were taken into immigration custody:

   Sinthya arrived at her I-130 interview at USCIS and she was taken into custody and transferred to Adelanto Detention Center.

6. What country or countries does the Government allege you are a citizen of?

   El Salvador

7. Do you have an order of removal?

   ☑ Yes ☐ No

8. If yes, on what date was the removal order issued? March 19, 2021

9. Which countries does the removal order designate for removal? El Salvador

10. Is the Government trying to remove you to a country or countries other than the countries designated in an order of removal?

    ☐ Yes ☑ No

11. If so, what country or countries? ____________________

12. If you have an order of removal, provide the type of order:

    ☑ Removal order issued by an Immigration Judge (IJ)

    ☐ Expedited removal order

☐ Reinstated removal order

☐ Other: ____________________

13. If an IJ issued the order of removal, did you waive an appeal to the Board of Immigration Appeals (BIA)?

☐ Yes ☑ No

14. If you appealed to the BIA, has the BIA dismissed your appeal?

☑ Yes ☐ No

15. If yes, on what date did the BIA dismiss your appeal? March 27, 2024

16. If the BIA dismissed your appeal, did you file a petition for review with the Ninth Circuit Court of Appeals?

☐ Yes ☑ No

17. If your case is pending at the Ninth Circuit, do you have a stay of removal?

☐ Yes ☑ No

18. Do you have a pending immigration case in which you are contesting the Government's removal charges or seeking relief from removal?

☑ Yes ☐ No

19. If yes, where is your case currently pending?

☐ Immigration Court

☑ BIA

☐ Ninth Circuit Court of Appeals. Provide Case Number: ____________________

☐ Other ____________________

20. Has an IJ granted any applications for relief from removal?

☐ Yes ☑ No

21. If yes, on what date did the IJ grant the relief? ______________________________

22. What type of relief from removal?
Motion to Reopen based on Changed Country Conditions

23. Have you had a bond hearing in immigration court?

☐ Yes ☑ No

24. If you answered "yes" to Question 23, then provide:

(a) Date of bond hearing: ______________________________

(b) The IJ found that:

☐ I am not eligible for a bond hearing.

☐ I cannot be released because I am a danger or flight risk.

☐ I should be released on the following conditions:

☐ Other: ______________________________

25. If you were denied release at a bond hearing, did you appeal to the BIA?

☐ Yes ☐ No

26. If you answered "yes" to Question 25, then provide:

(a) Date of Appeal to BIA: ______________________________

(b) Outcome of Appeal

☐ Affirmed IJ bond decision

☐ Reversed IJ bond decision

☐ I am waiting for BIA bond decision

☐ Other: ______________________________________________

27. If you answered "no" to Question 25, state if you plan to appeal to the BIA or, if not, explain why you do not plan to appeal to the BIA:

**PREVIOUS DETENTION**

28. Prior to your current detention, have you ever been detained and later released from immigration custody?

☑ Yes ☐ No

29. If you answered "yes" to Question 29, please describe all the periods in which you have previously been in immigration custody.

I arrived at the border while I was a minor, custom authorities placed us under detention and then released us and issued a Notice to Appear.

30. Were you subject to any conditions upon your previous release(s)?

☐ Yes ☑ No

31. If you answered “yes” to uestion 31, please describe any conditions of your previous release(s):

- ☐ Order of Supervision
- ☐ Order of Release on Recognizance
- ☐ Parole
- ☐ Other: ______________________________________________________

## GROUNDS FOR YOUR PETITION

32. State every ground (reason) that supports your claim that you are being held or restrained unlawfully. State the facts supporting each ground. You may attach additional pages if necessary to provide legal arguments and supporting authority. You may also attach any documents relevant to your claims.

**GROUND ONE**:
Detention without notice or a hearing violates procedural due process (Fifth Amendment).

Supporting facts:
In June 2016, at age twelve, Petitioner was apprehended by immigration officers near the Texas border, served with a Notice to Appear, and released into the United States. She lived openly in the United States for more than ten years after that release. On October 14, 2026, ICE officers arrested Petitioner at her scheduled USCIS interview on the Form I-130 petition filed by her U.S. citizen husband (Receipt No. IOE0927432321), and transferred her to the Adelanto ICE Processing Center. ICE gave her no notice of the reasons for her detention, no interview, no hearing, and no opportunity to respond before or after taking her into custody.

**GROUND TWO**:

Detention bears no reasonable relation to any legitimate purpose (Fifth Amendment substantive due process).

Supporting facts:

Petitioner is neither a flight risk nor a danger to the community. She has never been arrested, charged, or convicted of any offense in any country. She lives in Pomona, California, with her U.S. citizen husband and their three-year-old U.S. citizen son. She has a pending I-130 petition and a pending motion to reopen, and she voluntarily appeared at a federal immigration interview knowing her immigration history. Her detention serves neither of the purposes that justify civil immigration detention: ensuring appearance and protecting the community.

**GROUND THREE**:

Violation of 8 U.S.C. § 1231(a)(6) and 8 C.F.R. § 241.4.

Supporting facts:

Petitioner's removal order became final, and her 90-day removal period under 8 U.S.C. § 1231(a)(1) expired long ago. Her detention is therefore discretionary under 8 U.S.C. § 1231(a)(6). ICE's regulations require an individualized custody determination weighing whether the person is likely to comply with removal and poses no danger. 8 C.F.R. § 241.4(e)-(f). ICE made no such determination before or after detaining Petitioner on October 14, 2026.

## REQUEST FOR RELIEF

33. State exactly what you want the court to do:

Issue a writ of habeas corpus ordering Respondents to release Petitioner immediately from the Adelanto ICE Processing Center under reasonable conditions of supervision

## DECLARATION UNDER PENALTY OF PERJURY

If you are in custody, on what date did you place this petition in the mail system: ___________

I declare under penalty of perjury that I am the Petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: October 16, 2026

______________________________________________

*Signature of Petitioner*

______________________________________________

*Signature of Attorney or other authorized person, if any*