UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **5:26-cv-06159-CV (SKx)** | Date | October 21, 2026 |
| Title | ***Sinthya Judit Lopez Argueta v Ernesto Santa Cruz, Jr., et al.*** | | |

Present: The Honorable Cynthia Valenzuela, United States District Judge

| | |
|---|---|
| Jessica Cortes | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER DENYING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PERMANENT INJUNCTION [3]**

Petitioner Sinthya Judit Lopez Argueta brings this action for a writ of habeas corpus. Doc. # 1. Petitioner also filed an *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction. Doc. # 3.

Section 2 of Central District of California General Order No. 26-05 (the "General Order")[1] sets a briefing schedule for petitions for writs of habeas corpus seeking immigration-related relief. That schedule aims to provide expedited review of immigration-related habeas petitions and requires respondents to respond within seven days. General Order at 3.

Section 3 of the General Order states, "[a]pplications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard briefing schedule or by expediting the briefing schedule." *Id.* Here, Petitioner generally alleges imminent, irreparable harm; however, Petitioner fails to establish why such

[1] The General Order is available at Docket Number 6 and can be accessed online at https://www.cacd.uscourts.gov/26-05.

harm cannot be addressed by the expedited briefing schedule set forth in the General Order. Doc. # 3 at 8. While Petitioner argues that the General Order permits Respondents to remove her upon two days' notice, Respondents have not filed such notice. Consequently, Petitioner has not established that she faces imminent irreparable harm that cannot be redressed by the General Order's expedited briefing schedule.

Accordingly, the Court **DENIES** the Motion **WITHOUT PREJUDICE**. Should Petitioner seek to renew the Motion, she must allege why the expedited briefing schedule in the General Order is insufficient. Should Petitioner seek an expedited briefing schedule for her Petition, she must meet and confer with Respondents or explain why such a conference cannot be held.

**IT IS SO ORDERED.**