UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SINTHYA JUDIT LOPEZ ARGUETA,

Petitioner,

v.

ERNESTO SANTA CRUZ, JR., *et al*.,

Respondents.

Case No. 5:26-cv-6159-CV (SKx)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS [1]**

On October 18, 2026, Sinthya Judit Lopez Argueta, A-209-228-395, ("Petitioner"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") against Ernesto Santa Curz Jr., Acting Director, ERO; the Secretary of Homeland Security; the Acting Attorney General of the United States; and Todd M. Lyons, Director of Immigrations and Customs Enforcement ("ICE"), challenging her detention in ICE custody. Doc. # 1 ("Pet.").

Concurrently with her Petition, Petitioner filed an Application for a Temporary Restraining Order. Doc. # 3. The Court denied the TRO pursuant to the Central District of California General Order No. 26-05 (the "General Order"). On October 26, 2026, Respondents filed a Response to the Petition. Doc. # 9 ("Response"). Also on October 26,

2026, Petitioner filed a Reply. Doc. # 10 ("Reply") and a Second Application for a Temporary Restraining Order. Doc. # 11 ("Second Appl."). The Court granted the Second Application the next day, ordering Respondents to file a declaration as to Petitioner's current location and custody status and enjoining Respondents from transferring Petitioner outside of the Central District of California. Doc. # 13. On November 9, 2026, Petitioner filed an Application to Extend the Temporary Restraining Order. Doc. # 19.[1]

Having considered the papers filed with respect to the Petition, the Court **GRANTS** the Petition.

## I. BACKGROUND[2]

Petitioner, a native of El Salvador, entered the United States approximately ten years ago when she was twelve years old. Pet. at 10.[3] Petitioner has no criminal history whatsoever. *Id.* at 11. Petitioner is married and has one child who is three years old. *Id.*

In June 2016, Petitioner was apprehended at the border, served with a Notice to Appear, and released into the United States. *Id.* at 10. She has lived openly in the United States for over ten years since she was released. *Id.* She lives in Pomona, California with her husband and son and has a pending I-130 petition and a pending motion to reopen her immigration case. *Id.* On October 14, 2026, Petitioner voluntarily attended a scheduled USCIS interview. *Id.* at 10–11. At the interview, she was arrested by ICE and transferred to detention in Adelanto, California. *Id.* ICE did not provide her with notice of its intent to detain her, did not provide her with a pre-deprivation interview, hearing, or any opportunity to respond before ICE detained her. *Id.*

In her Petition, Petitioner seeks a writ of habeas corpus, releasing her from detention under reasonable conditions of supervision. *Id.* at 11. Respondents do not dispute the facts

---

[1] The Court DENIES the Application (Doc. # 19) as moot.

[2] Respondents' Response fails to challenge any of the factual assertions Petitioner makes in her Petition. *See generally* Response. Accordingly, the Court considered the facts, as presented in the Petition, undisputed.

[3] All record citations reflect CM/ECF pagination.

alleged in the Petition. Response at 2–3. Instead, Respondents state Petitioner was released from ICE custody on October 19 on an Order of Supervision issued on October 19, 2026—the day after she filed the instant Petition. *Id.*; Doc. # 9-1 (Petitioner's October 19 Order of Supervision ("OSUP")). Indeed, Respondents' October 26, 2026, Response is two-pages long, and it argues only that Petitioner's release from custody on October 19, 2026, moots the Petition. Response at 2–3.

Evidently, ICE issued the OSUP and released Petitioner on October 19, 2026, by mistake. Doc. # 15 at 2 (stating "Petitioner was released from ICE detention on October 19, 2026, due to a misinterpretation of information."). Thus, when Petitioner attend her first ICE check-in pursuant to her October 19 OSUP, Petitioner was rearrested by ICE—again without pre-deprivation notice or a hearing. Doc. # 10 at 2.

For the reasons discussed below, the Court finds Respondents violated Petitioner's due process rights under the Fifth Amendment and GRANTS the Petition.

## II. LEGAL STANDARD

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. *See* U.S. Const., amend. V. There is no question that these protections extend to noncitizens present in the United States. *See, e.g.*, *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (per curiam) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." (citation modified)); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021) ("The Fifth Amendment entitles aliens to due process of law in deportation proceedings." (citation modified)). Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).

Due process "is a flexible concept that varies with the particular situation." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). Indeed, the Due Process Clause provides both

procedural and substantive protections. *See, e.g.*, *Regino v. Staley*, 133 F.4th 951, 959 (9th Cir. 2025). To determine whether detention violates procedural due process, courts frequently apply the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the *Mathews* test to a constitutional challenge to detention pursuant to 8 U.S.C. § 1226(a)). Under *Matthews*, the Court weighs the following three factors: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Mathews*, 424 U.S. at 335.

## III. <u>DISCUSSION</u>

*First*, it is undisputed that Petitioner has resided in the United States for over ten years, is a long-term resident of California, and has a U.S. citizen child who is three years old. Pet. at 10. Petitioner has thus lived openly in the United States for over ten years—since she was twelve years old—and has no known criminal history. *Id.* at 10–11. *Second*, it is undisputed that ICE issued Petitioner an OSUP on October 19, 2026. Doc. # 9-1. Respondents provide no authority to support the argument that an OSUP allegedly issued by mistake negates constitutional rights.

As to the first *Matthews* factors, based on these undisputed facts, the Court concludes that Petitioner developed a substantial liberty interest in remaining out of custody based on the length of time she lived in the United States and the ties she built to her community over the past ten years. *See, e.g.*, *Rivas Garcia v. Current or Acting Field Dir.*, No. 1:26-cv-03245 DAD-(SCRx), 2026 WL 1265937, at *4 (E.D. Cal. May 8, 2026) ("Even assuming petitioner was not previously released at the discretion of immigration officials, he has a general liberty interest in freedom from detention."); *Tinoco v. Noem*, 2025 WL 3567862, at *6 (E.D. Cal. Dec. 14, 2025) ("The length of time and the connections Petitioner made with his community during that time create a powerful interest for

Petitioner in his continued liberty."); *Garcia v. Andrews*, 2025 WL 1927596, at *4 (E.D. Cal. July 14, 2025) ("The length of time and the connections Petitioner made with his community during that time create a powerful interest for Petitioner in his continued liberty."); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty."). Additionally, Petitioner "has a significant liberty interest in remaining out of custody under h[er] order of supervision." *Khanchi v. Blanche*, No. 5:26-cv-03801-JDE, 2026 WL 2121248, at *2 (C.D. Cal. July 16, 2026). This "liberty is valuable and must be seen as within the protection of the [Due Process Clause]." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).

As to the second *Matthews* factors, the Petition argues that Respondents detained her without pre-deprivation process in violation of her constitutional rights. Pet. at 10. Respondents do not dispute that there is no indication that ICE provided notice and an opportunity to be heard before Petitioner was detained at her scheduled interview. Response at 2–4. Petitioner also argues that her second arrest on October 26 without pre-deprivation process violated her constitutional rights. Doc. # 18 at 4. Likewise, Respondents fail to show that she was provided with pre-deprivation process prior to the October 26 arrest. Doc. # 15 at 3–4. Therefore, the Court concludes that Petitioner's arrest on October 14 and October 26, each without prior notice or a pre-deprivation hearing, violated Petitioner's procedural due process rights. *See, e.g.*, *J.A.E.M. v. Wofford*, 812 F. Supp. 3d 1058, 1071 (E.D. Cal. 2025) ("On balance, the *Mathews* factors show that petitioner is entitled to a bond hearing, which should have been provided before she was detained. The root requirement of the Due Process Clause is that an individual be given an opportunity for a hearing before he is deprived of any significant protected interest." (citation modified)); *Mourey v. Bowen*, No. 5:25-cv-3262-WLH (DTBx), 2026 WL 467567, at *4 (C.D. Cal. Jan. 31, 2026) ("Pursuant to the holding in *Mathews*, Petitioner should have been afforded a pre-detention hearing."), report and recommendation adopted,

2026 WL 464788 (C.D. Cal. Feb. 17, 2026) (granting immediate release). Accordingly, the second *Matthews* factor weighs in Petitioner's favor.

As to the third *Matthews* factor, though the Government has an interest in the steady enforcement of its immigration laws, the Government's interest in detaining Petitioner without any procedural protections is slight. *See Pineda v. Chestnut*, No. 1:25-cv-01970-DC-JDP (HC), 2026 WL 25510, at *6 (E.D. Cal. Jan. 5, 2026) (citing *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019)). And custody hearings for immigration detention are routine and impose a "minimal" cost on the government. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Thus, the third *Mathews* factor counsels in favor of granting Petitioner's release from detention.

Given the violations of Petitioner's due process rights, the Court concludes that "Petitioner's release is necessary to return him to the status quo." *Nazarian v. Noem*, No. 25-2694-KK (ADSx), 2025 WL 3236209, at *7 (C.D. Cal. Nov. 3, 2025). The status quo is the last uncontested status which preceded the pending controversy. *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000). The last uncontested status here is Petitioner's release from custody. *See Nazarian*, 2025 WL 3236209, at *7. "Accordingly, Petitioner's release from custody is the appropriate remedy." *Id.*; *see Esmail v. Noem*, No. 25-8325-WLH (RAOx), 2025 WL 3030590, at *6 (C.D. Cal. Sept. 12, 2025) ("Providing Petitioner an interview *ex post facto*, while keeping him detained in ICE's custody, would not remedy the apparent constitutional violation that Petitioner has suffered in being re-detained without any measure of due process. The fact that he was not given an interview renders his detention unlawful in the first place, necessitating his release.").

The fact that Petitioner could receive a post-deprivation bond hearing does not remedy the violation of Petitioner's procedural due process rights. S*ee, e.g.*, *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty.")

Accordingly, the Court concludes that only return to the status quo can remedy the violation of Petitioner's due process rights in this case.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Petition for writ of habeas corpus is **GRANTED**. IT IS HEREBY ORDERED THAT:

1. Respondents must release Petitioner Sinthya Judit Lopez Argueta **(A-209-228-295)** from custody immediately and must file a notice of compliance with this order, notifying the Court that Petitioner has been released, **within twenty-four hours**;
2. While Petitioner is in Respondents' custody, Respondents are **ENJOINED** from relocating Petitioner outside of the Central District of California;
3. When releasing Petitioner, Respondents must return any property seized from her in the course of his arrest and detention; and
4. Respondents are **ENJOINED** from re-detaining Petitioner unless a custody hearing is held before a neutral arbiter in which the Government bears the burden of proving, by clear and convincing evidence, that materially changed circumstances have established that Petitioner is a danger to the community or a flight risk.

**IT IS SO ORDERED**.

Dated: November 9, 2026

Cynthia Valenzuela

HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE